COMMERCIAL NATIONAL BANK OF SYRACUSE, Appellant, *v.* MARTHA E. ZIMMERMAN, as Administratrix of the Estate of JOSEPH A. ZIMMERMAN, Deceased, Respondent, Impleaded with Another.

1. NEGOTIABLE INSTRUMENTS LAW — DEMAND NOTES, BEARING INTEREST — WHEN QUESTION, WHETHER PRESENTED WITHIN "REASONABLE TIME," ONE OF LAW. Under the Negotiable Instruments Law (L. 1897, ch. 612), which, in effect, abrogates the former distinction between notes or bills, payable on demand and bearing interest, and those payable on demand merely, and provides, by section 131, that where the

instrument " is payable on demand, presentment must be made within a reasonable time after its issue, except that in case of a bill of exchange presentment for payment will be sufficient if made within a reasonable time after the last negotiation thereof," and, by section 4, that " in determining what is a reasonable time, or an unreasonable time, regard is to be had to the nature of the instrument, the usage of trade, or business (if any) with respect to such instruments and the facts of the particular case," the question whether a note or bill was presented within a " reasonable time " after its issue is, where the facts are ascertained and not in dispute, a question of law for the court, although the question, if the facts are unsettled and the testimony conflicting, might be a mixed one of law and fact, which the jury should decide, under the instructions of the court as to the law.

2. SAME — FACTS REVIEWED AND DECISION THAT NOTE WAS NOT PRESENTED WITHIN "REASONABLE TIME" APPROVED. Where it appears from the undisputed facts in an action brought upon a note payable upon demand, with interest, that the indorsement was without consideration and for the maker's accommodation; that its payment was secured by the deposit of certain securities; that notwithstanding that, some two years after the making of the note the plaintiff had complained to the indorser of its non-payment and twice, a year later, had written that the maker was in default as to the interest, no steps were taken to charge the indorser, by presentment of the note for payment and by protest for non-payment, until more than three and a half years had elapsed, and until after the indorser had died intestate and an administratrix of his estate had been appointed, the question whether the note was presented within a reasonable time is a question of law to be determined upon such facts, and a decision that " said note was not presented within a reasonable time after it was issued and that said plaintiff did not demand the payment thereof, or give notice of the dishonor thereof, within a reasonable time," is correct.

3. PLEADING — DEFENSE THAT NOTE WAS NOT PRESENTED WITHIN "REASONABLE TIME" NEED NOT BE SPECIALLY PLEADED BY AN INDORSER. The defense that a demand note, bearing interest, was not presented within a reasonable time after its issue need not be specially pleaded by an indorser; the burden is on the holder of a note, when seeking to charge an indorser, to prove due and timely presentment and the giving of notice to the indorser of its dishonor, since the obligation of the indorser is conditional upon all the steps having been taken by the holder which the statute has prescribed as to presentment and as to notice of non-payment.

*Commercial Nat. Bank* v. *Zimmerman*, 105 App. Div. 627, affirmed.

(Argued April 24, 1906; decided May 15, 1906.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered

June 5, 1905, affirming a judgment in favor of defendant Zimmerman entered upon a decision of the court on trial at Special Term.

The plaintiff brought this action to foreclose a lien on certain bonds of a railroad company, which it had held as collateral security for the payment of a note of the defendant, the Syracuse Construction Co., indorsed by Joseph Zimmerman, and to recover a judgment for any deficiency, arising upon the sale of the bonds, against Zimmerman's estate. The note reads as follows :

" $10,000                    SYRACUSE, N. Y., *Sept.* 16, 1899.

" On demand after date we promise to pay to the order of Joseph Zimmerman ten thousand dollars at Commercial Bank. Value received with interest.

" SYRACUSE CONSTRUCTION CO.

" per J. S. KAUFMANN, *Treas.*"

Upon the trial of the issue, which was had without a jury, the trial judge found, as the facts of the case, that the note was indorsed by Zimmerman, without consideration and for the accommodation of the maker; that on September 20th, 1899, the plaintiff discounted the note for the maker, the defendant construction company, receiving the bonds of the railroad company as collateral security for its payment; that, in January, 1903, Zimmerman died intestate and his widow, this defendant, was appointed his administratrix; that on April 9th, 1903, the note was presented to the maker for payment and, payment being refused, was duly protested for nonpayment; that "said note was not presented within a reasonable time after it was issued and that said plaintiff did not demand the payment thereof, or give notice of the dishonor thereof, within a reasonable time." Upon these facts, he reached the legal conclusion that the plaintiff was entitled to enforce a lien upon the bonds by the sale thereof; but that, as the "presentment of said note was not made within a reasonable time after the discount," the indorser, Zimmerman, and his estate were released from all liability thereon. Upon

the plaintiff's appeal from so much of the judgment there-
upon entered, as adjudged that it was not entitled to judg-
ment against the estate of the indorser for the deficiency upon
a sale of the bonds, the Appellate Division, in the fourth
department, by a unanimous vote, affirmed the judgment as
rendered. The plaintiff now appeals to this court.

*Edwin Nottingham* for appellant. The defense that the
note was not presented for payment within a reasonable time
after its discount is not pleaded and is not available to defend-
ant, assuming it would be if set up in the answer. (*G. A.
Bank* v. *Mills,* 99 App. Div. 312 ; *Butler* v. *Mason,* 16
How. Pr. 546 ; *Sands* v. *St. John,* 36 Barb. 628 ; *Morford* v.
*Davis,* 28 N. Y. 481 ; *Haywood* v. *Jones,* 10 Hun, 500 ;
*Cornell* v. *Dakin,* 38 N. Y. 253 ; *Crane* v. *Powell,* 139
N. Y. 379 ; *Matthews* v. *Matthews,* 154 N. Y. 288.) Under
the well-settled law of this state, prior to the statute
known as the Negotiable Instruments Law, the note in
question was presented within a reasonable time, and the
above statute has not changed the law as so settled, but has
declared the law as it existed at the time of its enactment.
(*Herrick* v. *Woolverton,* 41 N. Y. 587 ; *Wheeler* v. *Warner,*
47 N. Y. 519 ; *McMullen* v. *Rafferty,* 89 N. Y. 456 ; *Shutts*
v. *Fingar,* 100 N. Y. 539 ; *Merritt* v. *Todd,* 23 N. Y. 28 ;
*Pardee* v. *Fish,* 60 N. Y. 265, 271 ; *Crim* v. *Starkweather,*
88 N. Y. 339, 342 ; *Parker* v. *Stroud,* 98 N. Y. 379 ; *Nat.
H. R. Bank* v. *K. & H. Ry. Co.,* 17 App. Div. 232 ; 162
N. Y. 623.)

*G. W. O'Brien* for respondent. The burden was on plain-
tiff to allege and prove that the note was presented within a
reasonable time and not on the defendant to allege and prove
the contrary. Besides, that question not having been raised
in the courts below cannot be raised for the first time in the
Court of Appeals. (*Martin* v. *Home Bank,* 160 N. Y. 190 ;
*Daley* v. *Brown,* 167 N. Y. 381 ; *People* v. *Holmes,* 166 N. Y.
540 ; *Post* v. *M. R. R. Co.,* 125 N. Y. 697 ; *Smith* v. *Smith,*

125 N. Y. 224; *Allen* v. *Rightmere*, 20 Johns. 364; *Brown* v. *Curtiss*, 2 N. Y. 225; *Winchell* v. *Doty*, 15 Hun, 1; *Hough* v. *Gray*, 19 Wend. 202; Daniel on Neg. Inst. [5th ed.] §§ 1753, 1754; *Cottrell* v. *Conklin*, 4 Duer, 45.) By enacting the Negotiable Instruments Law the legislature abrogated the rule of continuing security and restored the rule of reasonable time. (*Merritt* v. *Todd*, 23 N. Y. 28; *Herrick* v. *Woolverton*, 41 N. Y. 581; *Pardee* v. *Fish*, 60 N. Y. 265; *Crim* v. *Starkweather*, 88 N. Y. 339; *Perry* v. *Green*, 19 N. J. L. 61; *Field* v. *Nickerson*, 13 Mass. 131; *H. S. Bank* v. *Hosie*, 77 N. W. Rep. 625; *Turner* v. *I. C. M. Co.*, 74 Wis. 355; *Thielman* v. *Gueble*, 36 Am. Rep. 267; *Merritt* v. *Jackson*, 181 Mass. 69.) The note was not presented within a reasonable time. (*Fields* v. *Nickerson*, 13 Mass. 131; *H. S. Bank* v. *Hosie*, 77 N. W. Rep. 625; *Perry* v. *Green*, 19 N. J. L. 61; *Herrick* v. *Woolverton*, 41 N. Y. 590; *Parker* v. *Stroud*, 98 N. Y. 379; *Turner* v. *I. C. M. Co.*, 74 Wis. 355; *Bird* v. *Kay*, 40 App. Div. 533.)

GRAY, J. The only question of importance, which this appeal presents, is of the correctness of the decision that the presentment of the note for payment had not been made by the plaintiff within a reasonable time. That must, necessarily, turn upon the effect of the enactment of the provisions of the Negotiable Instruments Law of 1897. (Laws of 1897, chap. 612.) Section 131 of that law provides that, where the instrument "is payable on demand, presentment must be made within a reasonable time after its issue, except that in the case of a bill of exchange, presentment for payment will be sufficient if made within a reasonable time after the last negotiation thereof." By section 4, it provided that "in determining what is a 'reasonable time,' or an 'unreasonable time,' regard is to be had to the nature of the instrument, the usage of trade or business (if any) with respect to such instruments, and the facts of the particular case." Prior to this legislative enactment, the decision of this court in *Merritt* v. *Todd*, (23 N. Y. 28), was regarded as having settled the rule of law applicable

to the determination of such cases.   In that case, the note was payable on demand, with interest, and the question arose as to the continuance of the indorser's liability, where three years had intervened between the making and presentment for payment.   Chief Judge COMSTOCK, with the concurrence of the majority of the judges, undertook to resolve what he regarded as the existing uncertainty as to the rule, which conflicting decisions had brought about, by referring the interpretation of the contract to the adoption of one of two principles.   By the one principle, a promissory note, payable on demand with interest and indorsed, is to be regarded as a continuing security and no dishonor attaches until payment is required and refused.   By the other, or opposing, rule the holder, if he wishes to charge the indorser, must make his demand of the maker without delay.   Judge COMSTOCK finds no intermediate ground to stand upon and holds " that questions of this kind ought to be determined according to one of the two rules which have been mentioned : in other words, that the demand may be made in due season at any time so as to charge the indorser, or else that he is discharged unless it be made with due diligence, in the general sense of the commercial law.   Between these alternatives, we are to select the one which will best harmonize with the language of the contract and the intention of the parties.   A demand note may be payable with or without interest.   If the security be not on interest, it may be a fair exposition of the contract to hold that no time of credit is contemplated by the indorser, and that the demand should be made as quickly as the law will require upon a check or sight-draft   *   *   *   But   *   *   * we think that a note payable on demand with interest is a continuing security, from which none of the parties are discharged until it is dishonored by an actual presentment and refusal to pay.   *   *   *   If the parties declare in the written instrument, which is the only evidence of their agreement, that the money shall be paid on call, with interest in the meantime, a productive investment of the sum for some period of time is plainly intended.   What, then, is that period?   The

only answer which can be given is, that it is indefinite or inde-terminative, and ascertainable only by an actual call for the money; and if that be the meaning of the principal parties, the indorser must be deemed to lend his name to the contract with the same intention.   *   *   *   We see no good reason why a note, like the one now in question, should not be con-strued precisely according to its terms and, if we follow that construction, such instruments are not dishonored by the mere effluxion of time." Although the decision in *Merritt* v. *Todd* was subsequently discussed and, in some cases, criticised, its authority was not shaken as establishing a rule of law and it was expressly followed as late as in *Parker* v. *Stroud*, (98 N. Y. 379). (See *Herrick* v. *Woolverton*, 41 N. Y. 581; *Pardee* v. *Fish*, 60 ib. 265; *Crim* v. *Starkweather*, 88 ib. 339.) Judge COMSTOCK followed the doctrine of the English courts, in differentiating notes payable on demand with inter-est, from those payable on demand merely. He sought to give effect, in the former case, to what seemed to be an intention of the parties that, notwithstanding the terms, there should be no immediate demand, and that the time of payment should be future; thus making the instrument a continuing obligation.

The law being thus settled in this state, the Negotiable Instruments Law was passed, in 1897, as the outcome of a general movement to bring about a uniform law in this country, covering the subject of "Bills and Notes." It was a codification of the law and, in the respect which we are considering, it modified the rule as formulated in *Merritt* v. *Todd*. It established one rule, which was to be applicable to all cases, that where an instrument "is payable on demand, presentment must be made within a reasonable time after issue." No distinction was to be made, as theretofore, when the instrument was an interest-bearing obligation. While, therefore, it must be regarded as changing the rule upon the subject of the time for the presentment of such instruments, by placing them upon the same footing, the fourth section of the law has to be given effect; which requires, in determin-ing what is a reasonable time, a consideration to be had of

the nature of the instrument, any usage of trade and the facts of the particular case. That would, certainly, be sufficient to authorize the differentiation of bills, or promissory notes, from other instruments for the payment of money; but, even where it is a question of the time within which a demand note must have been presented, the facts and circumstances of the case must be regarded. If a note is payable on demand, it is always mature and may at any time be demanded. The Statute of Limitations commences to run against the maker from its issue. (*Herrick* v. *Woolverton*, 41 N. Y. 587.) After its issue, what constitutes reasonableness of time for its presentment cannot be determined by any fixed rules; for, plainly, the particular circumstances may be such as to evidence some intention of the parties as to its continuance. And, certainly, they may be sufficient to justify an inference of unreasonable delay. In my opinion, what the legislature intended to accomplish by the provisions of the Negotiable Instruments Law, in question, was to do away with the distinction between notes, or bills, payable on demand, which *Merritt* v. *Todd* had created, and to leave the question of their reasonable presentment for payment, in order to charge the parties to them, as one for the determination of the court upon the facts. That question, if the facts were unsettled and the testimony was conflicting, might be a mixed one of law and fact, which the jury should decide, under the instructions of the court as to the law; but, where they are ascertained and are not in dispute, the question is one of law. (*Aymar* v. *Beers*, 7 Cowen, 705, 709; *Mohawk Bank* v. *Broderick*, 10 Wend. 304, 308; *Carroll* v. *Upton*, 3 N. Y. 272; *Hunt* v. *Maybee*, 7 ib. 266, 272.) In the present case the defendant offered no evidence and there was no dispute about the facts. The trial judge had before him the facts of the discount of a demand note, bearing interest; that the indorsement by Zimmerman was without consideration and for the maker's accommodation; that its payment was secured by the deposit of certain securities; that notwithstanding that, some two years after the making of the note the plain-

tiff had complained to Zimmerman of its non-payment and twice, a year later, had written that the maker was in default as to the interest, no steps were taken to charge the indorser, by presentment of the note for payment and by protest for non-payment, until more than three and a half years had elapsed. If the finding that the note was not presented within a reasonable time depended for its justification upon the evidence, we should be, undoubtedly, concluded from reviewing it by the rule of unanimous affirmance. But viewing it, as I think we must, as a question of law to be decided by the court upon the ascertained facts, it depended upon the interpretation of the statute as applied to the facts and, in my opinion, the decision of the trial court was correct.

It is argued by the appellant that the defense, that the note was not presented within a reasonable time after its issue, was one which should have been specially pleaded in the answer. This objection was not taken upon the trial; but, assuming that it could properly be raised upon the appeal, it is untenable. The burden is on the holder of a note, when seeking to charge an indorser, to prove due and timely presentment and the giving of notice to the indorser of its dishonor. The obligation of the indorser is conditional upon all the steps having been taken by the holder, which the statute has prescribed as to presentment and as to notice of non-payment etc. The Negotiable Instruments Law is the codification of the law merchant upon the subjects treated and, in setting forth what is required of the holder of a note, it casts upon him the burden to prove that the requirements were all complied with. They were necessary conditions of his right to recover. Presentment of a demand note within a reasonable time is a requirement of the statute and the liability of the indorser to make good the contract of the maker, unlike that of a guarantor, is conditional and depends upon the holder's having made a case under the statute of an obligation, which he has caused to mature and, by appropriate legal steps, to become an indebtedness of the contracting parties. (*Brown* v. *Curtis*, 2 N. Y. 225.) Therefore, I

think it would be incorrect to hold of this defense that it is of an affirmative nature and, like the defense of usury, or any other defense which avoids an obligation, that it must be pleaded to be available.

No other question demands consideration and, for the reasons given, I advise the affirmance of the judgment, with costs.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, WILLARD BARTLETT and CHASE, JJ., concur; VANN, J., concurs in result.

Judgment affirmed.