## UNREASONABLE DELAY IN PRESENTATION OF A CALL NOTE.

Common Pleas Court of Hamilton County.

THE SECOND NATIONAL BANK OF CINCINNATI, OHIO, v. CHARLES F. DOLLE AND J. A. BRIGEL.

Decided, June 10, 1912.

*Promissory Notes—Endorser Released from Liability—By Unreasonable Delay in Presentment—Burden on Holder to Show Reason for the Delay.*

A petition asking judgment on a note, payable on demand after date without interest, is open to demurrer on the part of an accommodation endorser, where it appears that more than three years elapsed before presentment, demand and notice were made, and there is no averment that the holder exercised due dilligence in the matter of presentment and demand and no averment of a reasonable cause for the delay.

*Charles M. Leslie,* for plaintiff.
*Charles F. Dolle,* contra.

GORMAN, J.

This is an action on a promissory note against Charles F. Dolle and J. A. Brigel. The plaintiff sets out a copy of the note with all the indorsements thereon in the short-form of pleading. Charles F. Dolle appears to be the maker of the note, and the Second National Bank, of Cincinnati, is the payee. On the back of the note is the indorsement of J. A. Brigel, a stranger to the note, and not in the chain of title.

After setting out a copy of the note and alleging the amount to be due thereon and all the indorsements, the amended petition

avers that on March 24th, 1910, plaintiff demanded payment of said note, which was refused, and on said date plaintiff notified said J. A. Brigel, that said note had been presented for payment, which was refused. The date of the note is November 1st, 1906. There are no other averments in the amended petition with reference to the presentment, demand, non-payment and notice, except those hereinabove stated. Prayer is for a judgment against both defendants for $2,500.

The defendant, J. A. Brigel, demurs to the amended petition on the ground that the allegations thereof do not state a cause of action against him.

The amended petition upon its face shows that almost three years and five months elapsed after the date of the note, and before presentment, demand and notice were made. The note is payable on demand after date without interest.

Under the negotiable instruments act, the defendant, Brigel, is an indorser, Section 8168, General Code, which provides that "a person placing his signature upon an instrument otherwise than as maker, drawer or acceptor, is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity." There is nothing in the indorsement of Brigel, to indicate that he intended to be bound in any other capacity, and, therefore, under this section, he is an indorser. Now, the liability of an indorser under the negotiable instruments act, Section 8171, is as follows:

"Every indorser who indorses without qualification engages that on due presentment it (the instrument) shall be accepted or paid, or both, as the case may be, according to its tenor, and that if it be dishonored, and the necessary proceedings on dishonor be duly taken, he will pay the amount thereof to the holder, or any subsequent indorser who may be compelled to pay it."

By the terms of Section 8188, General Code. "The instrument is dishonored by non-payment when it is duly presented for payment and payment is refused or can not be obtained."

By the terms of Section 8176, "When the instrument is payable on demand, presentment must be made within a reasonable

time after its issue." And by the provisions of Section 8186 of the General Code,

"Delay in making presentment for payment is excused when the delay is caused by circumstances beyond the control of the holder, and not imputable to his default, misconduct or negligence. When the cause of delay ceases to operate, presentment must be made with reasonable diligence."

By the terms of Section 8194, General Code, "when a negotiable instrument has been dishonored by non-payment, or non-acceptance, notice of dishonor must be given to the drawer and to each indorser."

Section 8207 provides that the notice to the indorser may be given as soon as the instrument is dishonored; and unless delay is excused, as hereinafter provided, must be given within the times fixed by this chapter.

By Section 8208, "when the person giving and the person to receive notice reside in the same place notice must be given on the same day of the dishonor."

There is no question that the notice of dishonor was duly and legally given on the same day of the dishonor. The only question involved in this case as the court construes it is, whether or not the amended petition upon its face shows that the presentment, demand and refusal to pay were within a reasonable time, or whether or not due diligence was exercised by the holder of the note in demanding payment from the maker.

By the express terms of our statute above cited, Section 8176, General Code, presentment of a note payable on demand must be made within a reasonable time after its issue. Now the question of what is a reasonable time has been held in many cases to be a question of law where there is no dispute as to the facts. Upon the facts of this amended petition, it appears that more than three years elapsed after the issue of the note before presentment and demand were made. And under the authorities in this state as well as those in other states, it appears to the court that this lapse of time shows that presentment and demand were not made upon the maker within a reasonable time. In

other words, it is an unreasonable delay on the part of the holder of the note to wait three years and five months before presenting the note to the maker and demanding payment thereon.

In the *14th Volume of the Encyclopedia of Pleadings and Practice,* pages 540, 541, under Subdivision 4, Time of Presentment and Demand, this rule is laid down:

"A declaration (a petition) is demurrable which apparently shows on its face that the plaintiff has been guilty of laches in making his demand for payment."

This statement is supported by the case of *Estell* v. *Vanderveer,* 5th N. J. Law, 908, where the court holds that a declaration or count on a note, dated December 6th, 1813, payable in ten days, and payment demanded January 1st, 1814, is faulty on demurrer; holds further, the demand not made until January 1st, shows that due diligence was not exercised. The demurrer was sustained to this count on the ground that the declaration showing the date of the note and the demand, was made more than fifteen days after it became due, does not contain a lawful cause of action.

Prior to the passage of the negotiable instruments act our own Supreme Court in several cases had occasion to pass on the question of reasonableness of the time of presentment and demand. In the case of *Bassenhorst* v. *Wilby,* 45 O. S., 333, the court held that a note that was not presented to the maker and demand made for payment within a reasonable time after its date, discharged the indorser. To the same effect is *Walker* v. *Stetson,* 14 O. S., page 89; *Davis* v. *Herrick,* 6 O. S., page 66. In *Walker* v. *Stetson,* 14 O. S., *supra,* the court held that, "what constitutes due diligence in giving notice to the drawer or indorser of commercial paper of the dishonor of the same when the facts are ascertained or admitted, is a question of law." And in *Davis* v. *Herrick,* 6 O. S., *supra,* the court said on page 66:

"The question of diligence is one of law and for the court in all cases where the facts are ascertained."

In *Bassenhorst* v. *Wilby,* 45 O. S., *supra,* the court said:

"What is a reasonable time is generally a mixed question of law and fact. Where the facts are in dispute it should be submitted to the jury for its determination under proper instructions from the court, but where the material facts are admitted, or not disputed, it is a question for the court and can not properly be submit¹ ¹ to the jury."

In the case of *The Commercial Bank* v. *Zimmerman,* 185 N. Y., 210, the court held:

"Where it appears from the undisputed facts in an action upon a note payable on demand with interest, that the indorsement was without consideration and for the maker's accommodation, that its payment was secured by a deposit of certain securities; that notwithstanding two years after the making of the note, plaintiff had complained to the indorser of its non-payment, and twice, a year later, had written that the maker was in default as to the interest, no steps were taken to charge the indorser by presentment of the note by protest or non-payment until more than three and a half years had elapsed, and until the indorser had died intestate, and an administrator to his estate had been appointed, the question whether the note was presented within a reasonable time is a question of law to be determined on such facts, and a decision that said note was not presented within reasonable time after it was issued, and that said plaintiff did not demand payment thereof, or did not give notice of the dishonor thereof within a reasonable time was not erroneous."

In the case of *Zaloom* v. *Ganin et al,* decided last year and reported in 129 N. Y. Supplement, page 85, the court says:

"Where no question of fact is in dispute, the determination of what is reasonable diligence in presenting a check for payment in order to charge the drawer, is one of law."

This case cites and approves the case of *Bank* v. *Zimmerman,* 185 N. Y., 210. The check in this case was dated August 4th, 1910; delivered between four and five o'clock the afternoon of that day. On the following day, August 5th, the check was deposited in the bank, and on August 6th, 1910, was presented for payment at the bank upon which it was drawn in the regular course of business. Payment was refused because the state

bank examiner had taken possession of the bank upon which the check was drawn, and the bank had suspended payment. It was held in this case there was an unreasonable delay in the presentment of this check.

There are numerous authorities which hold that a delay of a few months without any excuse being given therefore in presentment and demand of a note payable on demand, is an unreasonable delay.

It was held in *Bank* v. *Zimmerman*, 185 N. Y., *supra*, that the burden is upon the holder of a note to prove due and timely presentment and notice of dishonor. The negotiable instruments act casts upon him the burden of proving that the requirements were all complied with. They were necessary conditions to his right to recover. Presentment of a demand note within a reasonable time is a requirement of the statute. Our negotiable instruments act was copied largely, or almost verbatim from the New York act, and by the terms of Section 8176, General Code, must be made within a reasonable time after its issue.

If it is necessary for the holder of the note to prove upon the trial of his case that he exercised due diligence in the matter of presentment and demand for payment, it appears to the court that he must also aver or allege that which he is called upon to prove. This amended petition fails to aver that the plaintiff, the holder, exercised due diligence in the matter of presentment and demand; fails to allege that the demand was made within a reasonable time after issue, but on the contrary the date of the note and the averment as to the time of presentment and demand showed an unreasonable delay under the authorities, holding that a much shorter delay than that shown in this case is an unreasonable delay.

It would appear that the amended petition is defective.

Now, it is contended by counsel for plaintiff that the matter of an unreasonable delay is a defense to be pleaded by the defendant, and his contention in this regard appears to be supported by the case of *German American Bank* v. *Mills*, 99 Appellate Division, N. Y., page 312. But this case was cited by counsel for the appellant in the later case of *Bank* v. *Zimmerman*, 185 N. Y., *supra*, together with several other authorities

in support of their contention, that the unreasonable delay is a matter to be pleaded by the defendant, and is not available for the defendant unless pleaded. While the court of appeals in the New York case cited 185 N. Y., does not in its opinion refer to this case in the 99th appellate division, it was decided two years prior to the rendition of the decision by the Court of Appeals in 185 N. Y. Nevertheless the court appears to have disposed of this claim on page 218 and 219, where Judge Gray uses the following language:.

"Therefore, I think it would be incorrect to hold of this defense that it is of an affirmative nature, and, like the defense of usury, or any other defense which avoids an obligation, that it must be pleaded to be available."

The court appears to answer directly the contention of counsel who cited the 99th appellate division case. Counsel also cite Section 610, last edition of Daniels on Negotiable Instruments, as supporting his contention that the failure to present and demand payment is a matter that must be pleaded in defense, but the author says in this section:

"When the facts are ascertained, it is for the court to determine what is a reasonable time as a matter of law."

Now, even though it may be contended that the claim of an unreasonable delay in making presentment and demand is a matter of defense analogous to the statute of limitations, nevertheless in this state it has been held that where a claim upon the face of the petition appears to be barred by the statute of limitations a demurrer will lie, and this was the rule adopted in this state prior to the amendment of the section relating to demurrers which now make one of the grounds of demurrer that the cause of action set up in the petition is barred by the statute of limitations.

The only difference that existed prior to this amendment is that the demurrer prior to the amendment had to be predicated upon the ground that the petition upon its face did not state facts sufficient to constitute a cause of action. See: *Zuellig* v. *Hemerlie*, 60 O. S., 32; *Seymore* v. *Railway Co.*, 44 O. S., 12;

*Combs* v. *Watson,* 32 O. S., 228; *Hamilton & R. H. Co.* v. *C., H. & D. R. R. Co.,* 29 O. S., 245; *Comr's of Delaware County* v. *Andrews,* 18 O. S., 49; *McKinney* v. *McKinney,* 8 O. S., 423; *Osborn, Admr.,* v. *Portsmouth N. B.,* 61 O. S., 427.

In the case at bar, inasmuch as the amended petition shows a lapse of three years and five months between the date of the issue of the note and the date of the presentment and demand for payment without any circumstance to show the cause of this delay, the court is of the opinion that the plaintiff has failed to state a cause of action against the indorser, Brigel, on this note.

By the provisions of Section 8186 the delay may be accounted for so as to show a good cause of action in the plaintiff, but in the opinion of the court it is not incumbent upon the defendant to set up, and show as a matter of substantive defense, that there was no reason for the delay, but that the burden is upon the plaintiff to establish a reasonable cause for the delay, and in order to establish these facts he must set out in his amended petition averments which would tend to show a reasonable cause for delay. Now this section provides that when the delay is caused by circumstances beyond the control of the holder and not imputable to his default, misconduct or negligence, the delay in making presentment for payment is excused, but when the cause of delay ceases to operate, presentment must be made with reasonable diligence. It appears to the court that if there is a long delay, then under this section there must be some excuse furnished by the holder, because the very language of the statute appears to put the burden upon the holder of showing some excuse for the delay and further requires him to make presentment with reasonable diligence when the cause for the delay has ceased to operate.

In this case it may be that the plaintiff can amend his amended petition by showing an excuse for this unreasonable delay, but in the form of the amended petition as now presented to the court, it is not proof against the demurrer.

The demurrer will, therefore, be sustained on behalf of J. A. Brigel.