AMERICAN TRUST COMPANY, Substituted as Plaintiff in Place of QUEENS COUNTY TRUST COMPANY, Respondent, *v.* LUCIUS N. MANLEY, Appellant.

Second Department, March 31, 1921.

Bills and notes — distinction between time of presentment of demand notes carrying interest and those not carrying interest abolished — determination of question whether demand note presented within reasonable time — accommodation indorsement — when determination of question of reasonable time is for jury.

The former distinction as to the time of presentment of demand notes carrying interest and those which do not carry interest has been done away with by the Negotiable Instruments Law.

Whether a demand note was presented within a reasonable time is a matter of fact. Where the facts are ascertained and undisputed it is for the court; otherwise, if the testimony be conflicting, for the jury.

Where the holder of a demand note testifies that, at the request and express solicitation of the accommodation indorser, it was not presented until over three and one-half years had passed, but the accommodation indorser testifies to the contrary, it is for the jury to determine whether the note was presented " within a reasonable time."

APPEAL by the defendant, Lucius N. Manley, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 2d day of December, 1919, upon the verdict of a jury, and also from an order entered in said clerk's office on the 10th day of December, 1919, denying defendant's motion for a new trial made upon the minutes.

*Ira G. Darrin,* for the appellant.

*Henry M. Bellinger* [*David Belkin* with him on the brief], for the respondent.

KELLY, J.:

The defendant was an accommodation indorser upon a promissory note for $2,040 made by C. Gardner Miller and Arthur E. Miller to the order of Queens County Trust Company, dated May 19, 1915, and payable on demand without interest. The note was not presented for payment or protested until December 6, 1918, after the lapse of three years, six

months and seventeen days. The defendant indorser insists that such an interval exceeds a reasonable time and goes beyond the decided cases. Certainly it is a wide departure from the original conception of the liability of indorsers upon this class of commercial paper. Prior to the decision in 1861 in *Merritt* v. *Todd* (23 N. Y. 28) the rule, in this State at least, required the holder of a demand note, if he desired to charge the indorser, to make his demand upon the maker without delay or within a reasonable time. (*Sice* v. *Cunningham,* 1 Cow. 397.) The interpretation of the words " reasonable time " was a source of uncertainty and the Court of Appeals in *Merritt* v. *Todd* (*supra*) resolved the uncertainty by determining that in the case of a demand note bearing interest the agreement was for a productive investment of the sum for some period of time which necessarily was indefinite and ascertainable only by an actual call for the money, and that the indorser must be held to lend his name to the contract with the same intention. But this extension of the liability of the indorser, criticized as it was in subsequent cases (*Herrick* v. *Woolverton,* 41 N. Y. 581; *Wheeler* v. *Warner,* 47 id. 519; *Pardee* v. *Fish,* 60 id. 265; *Crim* v. *Starkweather,* 88 id. 339), had reference to demand notes carrying interest. As to demand notes without interest, the necessity for prompt presentment and demand continued. In 1897 the Legislature enacted the Negotiable Instruments Law (Gen. Laws, chap. 50; Laws of 1897, chap. 612; now Consol. Laws, chap. 38; Laws of 1909, chap. 43), which does away with the distinction created by *Merritt* v. *Todd* (*supra*) between demand notes carrying interest and those which do not carry interest. It is there provided (§ 131): " Where it [the instrument] is payable on demand, presentment must be made within a reasonable time after its issue." But it is further declared (§ 4): " In determining what is a ' reasonable time ' or an ' unreasonable time ' regard is to be had to the nature of the instrument, the usage of trade or business (if any) with respect to such instruments, and the facts of the particular case." Whether such a note was presented within a reasonable time is, therefore, a matter of fact. Where the facts are ascertained and undisputed, it is for the court; otherwise, if the testimony be conflicting, for the jury. (*Commercial Nat. Bank* v. *Zimmerman,* 185 N. Y. 210.) It

is apparent that this is a serious matter for indorsers of demand notes. Upon a time note the indorser may rely upon presentment and protest at a fixed time. Upon a demand note the question of what is reasonable time depends upon " the facts of the particular case." The door is opened to evidence of transactions between the parties aside from the language of the instrument itself, which is marked departure from the rules governing commercial paper.

The case at bar is an illustration of the result of the change brought about by the broad language of the statute. The appellant avers that during the period of more than three and one-half years between his indorsement and the demand for payment, the makers, solvent at the giving of the note, lost their property. Appellant urges that he rested in the belief that the bank had arranged the matter with the makers, or if not, that he was discharged as indorser by the lapse of time and failure to call for payment. On the other hand, it was testified by the bank manager that the delay in presentment and demand was not only with the acquiescence of the appellant indorser, but at his express solicitation and request. The learned trial justice submitted this issue to the jury, instructing them that if they found defendant had made the requests testified to by the bank manager they would be justified in finding that the presentment of the note was within a reasonable time, whereas if they were satisfied that the defendant's statement was true and that he did not ask for the extensions of time, then it would be their duty to find that the demand for payment was not made within a reasonable time and defendant was entitled to a verdict. This appears to be as favorable to the defendant as was allowable under the statute as interpreted in the *Zimmerman Case (supra)*. It was a question for the jury upon " the facts of the particular case." The jury found for the plaintiff, and we cannot say, as matter of law, that the verdict was contrary to the evidence. It follows that the judgment and order must be affirmed.

The judgment and order should be affirmed, with costs.

Present — MILLS, RICH, PUTNAM, KELLY and JAYCOX, JJ.

Judgment and order unanimously affirmed, with costs.