GEORGE F. KLEMANN, Respondent, *v.* EFFA L. COLLINS, Individually, Appellant, Impleaded with EFFA L. COLLINS and Another, as Executors, etc., of MATHEW G. COLLINS, Deceased, Defendants.

First Department, March 23, 1928.

Bills and notes — demand note — complaint alleged due presentment but also showed that note was not presented for more than five years after it was made — complaint is sufficient — whether demand was within reasonable time under Negotiable Instruments Law, § 131, will depend on facts — question of law if facts are undisputed.

The plaintiff is suing to recover against an indorser on a demand note made March 1, 1920. The complaint which alleges that the note was duly presented for payment on December 15, 1927, is not insufficient under section 131 of the

Negotiable Instruments Law which requires that a demand note shall be presented within a reasonable time after it is made.

The allegation that the note was duly presented is an allegation that it was presented within a reasonable time. Whether or not that is so will depend on all the attending circumstances and it cannot be said as a matter of law that a delay of more than five years is an unreasonable time. If the facts are undisputed on the trial the reasonableness of the time will be a question of law for the court to decide, otherwise it will be for the jury to determine.

APPEAL by the defendant, Effa L. Collins, individually, from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 16th day of November, 1927.

*Albert Woodruff Gray*, for the appellant.

*Paul T. Kammerer, Jr.*, for the respondent.

FINCH, J. From an order denying a motion made on the pleadings pursuant to rule 112 of the Rules of Civil Practice to dismiss the complaint upon the ground that upon its face no cause of action was stated, this appeal is taken. The order appealed from should be affirmed. The appeal is by an indorser upon a demand promissory note which, it is alleged, was duly presented for payment, although it is likewise alleged that the note was made March 1, 1920, and not presented until December 15, 1925.

The defendant, appellant, urges here, as she did at Special Term, that the complaint shows upon its face that the note in suit was not presented within a reasonable time; hence fails to state a cause of action. For this proposition the defendant relies upon the provisions of the Negotiable Instruments Law that a demand note must be presented within a reasonable time (Neg. Inst. Law, § 131), coupled with the fact that it appears upon the face of this complaint that more than five years have elapsed between the making of the note and its presentment, and the fact that the courts have held far shorter periods of delay to be unreasonable. Therefore, the defendant, appellant, contends, since presentment within a reasonable time was a necessary condition of the plaintiff's right to recover, the plaintiff has failed to allege that he has an obligation which, under the statute, he has caused to mature by appropriate legal steps as against the indorser. (*Commercial National Bank* v. *Zimmerman*, 185 N. Y. 210.) The defendant, appellant, urges that the complaint is defective because the plaintiff has not set out in his complaint the facts which would excuse the apparent delay in presentment. A complete answer to this contention is that in alleging that the note was duly presented the plaintiff has sufficiently set forth a plain and concise statement of his cause of action, which is all that is required. (Civ. Prac. Act, § 241; Rules of Civil Practice, rule 92.) Whether

or not there was a reasonable presentment would depend upon the particular facts shown upon the trial. It may be that under certain circumstances presentment of a note within a few months may not be within a reasonable time and that in the case at bar the plaintiff may show that presentment after five years may be a reasonable time. For example, in the case at bar the plaintiff might show that he delayed presenting the note in accordance with the request of both parties liable thereon. As was said by Chief Judge PARKER in *German-American Bank* v. *Atwater* (165 N. Y. 36, 40): " What is a reasonable time cannot always be measured by months; indeed, an investigation of a limited number of authorities discloses that as short a period as three months and as long a one as twenty-one months has been held to be within a reasonable time, depending upon the special facts of each case. The period of three months seemed at one time likely to be adopted by the courts, because that is the period for which notes intended for discount are usually made."

If upon the trial the facts are not in dispute, the question will be one of law for the court, but if, on the other hand, the facts concerning the delay in presentment are in issue, it will then become a question for the jury to decide the disputed facts under proper instructions of the court as to the law. (*American Trust Co.* v. *Manley*, 195 App. Div. 811.)

It follows that the order appealed from should be affirmed, with ten dollars costs and disbursements.

DOWLING, P. J., McAVOY, MARTIN and O'MALLEY, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.