GEORGE F. MURPHY and Others, Respondents, v. WILBUR K. HITCHCOCK and Another, Appellants.— Order adjudging the defendants guilty of a criminal contempt in having willfully disobeyed the mandate of the judgment entered February 2, 1934, reversed on the law and the facts, without costs, and motion denied. The terms of the judgment were not clearly and definitely expressed, but the defendants were required to make reasonable obedience thereto. (*Ketchum* v. *Edwards*, 153 N. Y. 534.) We think, further, that the record discloses such reasonable effort on the part of the defendants to conform to the judgment and that there has been no such willful violation thereof as to constitute a criminal contempt. If the plaintiffs think they may be able to gain a monetary advantage by the imposition of a fine on these defendants in such a proceeding, they are mistaken, for any fine imposed must be paid into the public treasury and not to indemnify the moving party. (*Eastern C. S. Co.* v. *B. & M. P. I. U., Local No. 45*, 200 App. Div. 714.) Carswell, Davis and Johnston, JJ., concur; Lazansky, P. J., concurs in result; Young, J., dissents and votes to affirm, with the following memorandum: The injunction, among other things, restrains the defendants from keeping a considerable number of dogs. To my mind, nineteen dogs constitute a considerable number. The original judgment was not appealed from, and the only question is whether that judgment has been fairly complied with. It seems to me these defendants were fairly dealt with by the court, when it was left to them to reduce the number of dogs from forty to a number which would not be regarded as considerable. Evidently the defendants do not want to get rid of their dogs. They could do so by sending them to Pompton Plains, but Mrs. Hitchcock testified that she did not do this because she loved her dogs. She also wrote a letter, on July 6, 1934, five months after the judgment was entered, in which she stated she was keeping one of her dogs for breeding purposes, which was absolutely contrary to the judgment, and that she was offering dogs for sale. This shows a willful disobedience of the judgment. I favor affirmance.

NEW ROCHELLE SECURITIES COMPANY, Respondent, v. INTERNATIONAL THRIFT SOCIETY, INC., and Another, Defendants; MILTON MAYER and Another, Appellants. — On the court's own motion, the decision of this court handed down on May 10, 1935 [*ante*, p. 810], is hereby amended to read as follows: Judgment in so far as it affects appellants reversed on the law, with costs, and complaint as to appellants dismissed, with costs. Action against the maker and accommodation indorsers on a negotiable demand note. It appears from the face of the instrument that its date was changed from September 9, 1930, to November 17, 1930. Therefore, plaintiff's assignors were not holders in due course. (Neg. Inst. Law, § 91; *Elias* v. *Whitney*, 50 Misc. 326.) Such alteration, subsequent to appellants' indorsements and without their knowledge or consent, relieved them from liability. (Neg. Inst. Law, §§ 205, 206; *Golden* v. *Furniture Frame Factories, Inc.*, 235 App. Div. 704; *Manufacturers Trust Co.* v. *Steinhardt*, 265 N. Y. 145.) The note was not presented for payment or protested until after the lapse of one year. Under the circumstances here, this exceeds a reasonable time and appellants were discharged by respondent's delay. (*American Trust Co.* v. *Manley*, 195 App. Div. 811.) Lazansky, P. J., Hagarty, Davis and Johnston, JJ., concur; Tompkins, J., concurs on the ground that the change was a material one and that payment of the note was not demanded within a reasonable time.