JOHN McNEE and Others, as Trustees under a Trust Agreement Dated November 4, 1933, between Them and the NATIONAL BANK OF HAVERSTRAW AND TRUST COMPANY, Plaintiffs, *v.* MORRIS RING and CHARLES GOLDSAND, Defendants.

Supreme Court, Rockland County, February 29, 1936.

*Thomas Shankey* [*Thomas Kiernan* of counsel], for the plaintiffs.

*Samuel Miller* [*Charles R. Soll* and *Irwin F. Dillon* of counsel], for the defendant Goldsand.

PATTERSON, J.   On August 27, 1929, the defendant Morris Ring gave to the bank his promissory note for $1,330.50, with interest payable on demand.   The defendant Charles Goldsand indorsed the note before delivery, concededly as an accommodation indorser, without consideration and as an inducement to the bank to discount the same.

The note is what is known as a collateral note; that is, in addition to the indorsement of the defendant Goldsand, it was further secured by certain securities, which apparently proved worthless.

The note was not protested for non-payment until June 20, 1934.

This action is brought to recover from the maker and the indorser the amount of the note, with interest, no part of which has been paid. The maker, Ring, defaulted on the trial of the action.

A motion was made at the commencement of the trial to strike from the answer the separate defense pleaded, on the ground that it did not state facts sufficient to constitute a defense.   This was consented to by the defendant Goldsand.

The sole issue here is as to whether the note was presented within a reasonable time so as to hold the indorser.   There is practically no issue of fact.   In any event, the parties stipulated that the court should try the issues, and the jury was dismissed.

The question of what is a reasonable time for the presentment of a demand note in order to charge the parties thereon is one for determination by the court upon the facts, where the facts are ascertained and where they are not in dispute.

Section 131 of the Negotiable Instruments Law provides that, where a note is payable on demand, presentment must be made within a reasonable time.

What constitutes a reasonable time cannot be determined by any fixed rules.

"In determining what is a ' reasonable time ' or an ' unreasonable time ' regard is to be had to the nature of the instrument, the usage of trade or business (if any) with respect to such instruments, and the facts of the particular case." (Neg. Inst. Law, § 4.)

There is no uniform rule. Varying periods have been held either a reasonable or an unreasonable time in which to present.

The instant note was not presented until four years and ten months after the date of its issue, and no excuse or agreement has been advanced by the plaintiff for the delay in presenting except the tenuous proof of a banking custom.

The plaintiff contends that the bank was excused from presenting the note during the period from March 4, 1933, to November 4, 1933, when the bank was not normally functioning as such and was in the hands of a conservator. However, there was no reason for not presenting it during the period from November 4, 1933, to June 20, 1934. Indeed, I know of no reason why the note could not have been presented during the period when the bank was in the hands of the conservator, following the so-called bank holiday.

The plaintiff attempted to show a well-established custom in this banking community to continue demand paper so long as in the opinion of the bank's officers the security offered by the indorser remained good and interest on the note was kept paid.

The testimony offered to prove such a custom was most unsatisfactory and infirm. In the first place, it is conceded that interest was past due on the note for a long time prior to payment being demanded. According to the version of the plaintiff, on January 1, 1933, defendant owed interest for a full year, and, when interest was paid on January 3, 1933, the maker was still in default in the payment of interest for six months.

The defendant contends that he was in default in interest from July 2, 1932, or a period of fifteen and one-half months, during which time interest was not paid.

Take either version, there was a default in interest, and the question submitted to witnesses to prove the custom assumed that interest was kept paid.

In order to charge the defendant with knowledge of a local custom, it must be a custom or usage so general that a presumption of law arises that every one knows of it. It is my opinion the plaintiff failed wholly to establish this.

The witnesses for the most part testified as to the custom of their respective banks in their respective communities, but I cannot say that a well-recognized and observed custom employed by banks in this community was proven.

The defendant Goldsand testified he had no knowledge of any custom. It was conceded, or at least there was proof, uncontradicted, that whatever custom there was has changed so that the policy of the banking world is to substitute demand paper for time paper in order to keep it more liquid and circumvent the always controversial question as to what is, and what is not, a reasonable time in which to demand payment.

It is true that, when the defendant indorsed the paper, he undertook to pay the same, upon default by the maker, but that was not a continuing obligation subject to no conditions. It presumed reasonable diligence on the part of the holder. There was some duty on the part of the plaintiff to its indorser. The indorser may be subjected to unreasonable and unjust loss by reason of the failure to present demand paper within a reasonable time. By reason of a long delay in presentment, the maker's condition may have so changed that the indorser's recourse to him for restitution might be futile.

There must be some limit to the time in which the holder has to seek to charge the indorser.

I have read all of the cases submitted by both parties, and none of them goes so far as to hold that a delay of four years and ten months is a reasonable time to wait before seeking to charge the indorser.

The plaintiff cites *Klemann* v. *Collins* (223 App. Div. 161) as authority for the statement that a delay of more than five years is not an unreasonable time as a matter of law. That case simply held that a complaint which showed on its face that length of time had expired before presentment should be dismissed, because on its face it failed to state a cause of action. The court in substance stated that there may have been reasons peculiar to the case for not having presented sooner. It might have been on the request of both parties liable on the note and that was something to be shown by proof.

It may be that under certain circumstances presentment of a note within a few months may not be a reasonable time, and, in case of failure to present for five years, may not be an unreasonable time. It depends upon the circumstances of each case. It is my opinion that the failure to present a demand note within four years and ten months, in the absence of any agreement or any disability so to do, and especially when there was a default of interest for six months, is an unreasonable time and discharges the indorser.

If it can be said that a delay of four years and ten months in presenting paper for payment is a reasonable time, then, in the absence of any agreement or peculiar circumstances, what period would ripen into an unreasonable time? Is it five years or ten years or fifteen years?

In this connection it is pertinent to bear in mind that the statute of limitations in which an action on a note can be commenced is but six years.

The motion made at the close of the plaintiff's case to dismiss the complaint should have been granted, and judgment is now accordingly directed in favor of the defendant dismissing the complaint.