In the Matter of the Estate of ZEBULON S. TAYLOR, Deceased.

Surrogate's Court, New York County, June 19, 1940.

*Edwin M. Bourke*, for the petitioner.

*Hawkins, Delafield & Longfellow*, for the respondents.

FOLEY, S. The petitioner, as sole surviving member of a firm of attorneys, instituted this proceeding to have fixed and determined the compensation for legal services rendered to the estate by his firm. The executors have interposed a counterclaim upon a promissory note on which the petitioner was the indorser.

The reasonable compensation of the petitioner is fixed in the sum of $1,000. His disbursements are allowed by consent.

The counterclaim of the executors is disallowed. It is based upon a promissory note dated July 15, 1932, which was payable on demand to the order of decedent. It is signed by Douglas Park Estate, Inc., by Roderick Begg, president, and indorsed by Roderick Begg, the petitioner in this proceeding. A check bearing the same date as the note was received by decedent in payment of interest in advance up to July 15, 1933. No further payment of interest was made. The decedent died on May 27, 1939.

The note was never presented to the maker for payment and no notice of dishonor was given to the indorser. Failure to take these necessary steps is fatal to this claim. (Neg. Inst. Law, §§ 130, 131 and 160; *Goldstein* v. *Brastone Corp.*, 254 App. Div. 288; affd., 279 N. Y. 775; *Lockport Exchange Trust Co.* v. *Hyde*, 274 id. 1.) The contention of the executors that presentment and notice of dishonor were waived by petitioner is without merit. In support of their argument they rely upon the fact that the indorser was president and general manager of the maker corporation, that at some time subsequent to July, 1933, the corporation began to lose its properties through mortgage foreclosures and petitioner was engaged in attempting to save it by raising funds and devoting his own money to that end. They urge further that since it appears that after some time in the year 1938, the corporation had lost all of its assets and its officers had resigned, it would have been useless to make presentment. That such facts do not constitute a waiver of the statutory requirements was definitely settled in *Goldstein* v. *Brastone Corp.* (*supra*).

No waiver of presentment can be inferred from the fact that the corporation had lost all of its assets in 1938 and that petitioner, its guiding spirit, had resigned from active participation. Nor does such fact relieve the holder of the note from the consequences of the failure to make due presentment.

Presentment of a demand negotiable instrument must be made within a reasonable time after its issue. (Neg. Inst. Law, § 131.) In determining what is a reasonable time, " regard is to be had to the nature of the instrument, the usage of trade or business (if any) with respect to such instruments, and the facts of the particular case." (Neg. Inst. Law, § 4.) It is a question for the court to determine upon the particular facts of each case. (*Commercial Nat. Bank* v. *Zimmerman*, 185 N. Y. 210, 217.) The executors cannot excuse the failure of the decedent to make presentment on the ground that after 1938 there were no assets in the corporation, because under the special facts of this pending proceeding, there

was then a delay beyond a reasonable time, and the surrogate so holds. To withhold presentment for a period of six years from the date of issue and five years from the last date to which interest had been paid, and to wait for a time when the corporation had lost most of its assets in spite of genuine attempts to save them, would operate to strip the person secondarily liable as indorser of all his rights of recourse. The conditions of presentment and notice of dishonor are for the benefit of the indorser " to enable him to have prompt notice of the default, so that he may immediately take steps to provide for his indemnity." (*Cady* v. *Bradshaw*, 116 N. Y. 188, 191.) " Mere knowledge of the dishonor is held not equivalent to the notice, which must come from the one who is entitled to look to the party for payment and must inform him that the note had been duly presented for payment; that it has been dishonored, and that the holder looks to him for payment." (*Goldstein* v. *Brastone Corp.*, *supra*, p. 290.)

The executors are not entitled, upon the facts or the law, to any recovery upon their counterclaim.

Submit order on notice accordingly directing payment of the sum fixed and allowed as the reasonable compensation and disbursements of the petitioner.