■ ABE FELLER, Respondent, v. MANUFACTURERS TRUST COMPANY, Appellant.— Appeal by permission of this court from an order of the Appellate Term which affirmed a judgment of the Municipal Court of the City of New York, Borough of Brooklyn, entered on a jury verdict in favor of respondent. Respondent sued to recover damages alleged to have been sustained when appellant paid a check drawn on it by respondent. Order reversed on the law and complaint dismissed, with costs in all courts. The findings of fact are affirmed. No negligence can be attributed in honoring the check five months after it was made. Respondent, as depositor, had executed a stop-payment order in accordance with an agreement between the parties that payment of the check through error, inadvertence or oversight would not render the appellant liable and that the order should not be effective for more than three months unless renewed by a new written request, which renewal would not be effective for more than three months from the date of its receipt. It was also agreed that the "exclusive" way of stopping payment should be by

written request of the depositor which should not be effective for more than three months from date of receipt unless renewed by a new written request. Accordingly, appellant could not be held liable for payment after expiration of the order, which had not been renewed. Appellant was authorized to pay unless there was such renewal. The issue was one of law on the undisputed facts (*Commercial Nat. Bank* v. *Zimmerman*, 185 N. Y. 210, 217; *Zaloom* v. *Ganim*, 72 Misc. 36, affd. 148 App. Div. 892). Wenzel, Acting P. J., Murphy and Hallinan, JJ., concur; Beldock, J., with whom Kleinfeld, J., concurs, dissents and votes to affirm, with the following memorandum; On June 6, 1952 respondent drew a check dated June 9, 1952 on appellant and delivered it to a third person. On June 9 respondent stopped payment on the check, the order being effective for three months unless renewed. The stop-payment order was not renewed. On November 7, 1952 the check was honored by appellant. In this action to recover the amount of the check on the ground that appellant was negligent in having paid the check five months after its issue date, the trial court submitted to the jury the question whether the delay of five months was such an unreasonable time as to put appellant on notice to make inquiry "whether there was anything wrong with the check". The jury found for respondents and the Appellate Term affirmed. When appellant made its stop-payment order good for only three months, it thereby indicated that the usual reasonable time for presentation of a check was during that period after its date of issue. Under these circumstances, it was at least a question of fact as to whether a check presented five months after its issue date was presented within a reasonable time.