J. Irwin Shapiro, J.
The plaintiffs, as payees, sue the defendant Nathan Wishnoff, the third indorser on a $21,000 negotiable promissory note, dated December 14,1955, which is payable “ on demand after date ’ ’.
After both sides had rested, the court found in favor of the plaintiffs on all disputed issues of fact except as to whether the promissory note had been presented for payment “within a reasonable time after its issue ” as required by section 131 of the Negotiable Instruments Law.
*235 /The maker of the note is “ L. Schwartz Wood .Products. Corporation of New Jersey It was indorsed by Louis Schwartz and Eobert 0. Kleefeld who are respectively the president and secretary of the maker corporation as the first and second indorsers. The defendant Wishnoff is the third indorser. Eobert 0. Kleefeld has not been made a party defendant in this action nor has he been sued by virtue of his indorsement of the note, and although the second indorser Louis Schwartz is a named defendant he has not been served with process. Thus, the only indorser who has been sued is the defendant Nathan Wishnoff.
Simultaneously with the making of the note, the maker corporation gave a chattel mortgage to the plaintiffs as collateral security for the payment of the note.
It is contended by plaintiffs that on April 18, 1957 demand was made upon the defendant Wishnoff for the payment of said promissory note. Assuming that to be the fact, 16 months elapsed from the time of the making of this promissory note to the time of its presentation and demand for payment. In the interim, the plaintiffs, without consideration, had released the chattel mortgage which they had on the maker’s personal property.
Whether presentment for payment of a demand note has been made upon an indorser within a reasonable time after the issuance of the note may sometimes be determinable as a matter of law, but it is more often a factual issue to be decided in light of the relationship of the parties, the equities of the situation and any other pertinent factors (Commercial Nat. Bank v. Zimmerman, 185 N. Y. 210, 217; Matter of Taylor, 174 Misc. 457; Negotiable Instruments Law, § 4).
In New Rochelle Securities Co. v. International Thrift Soc. (244 App. Div. 824) aside from another ground for the decision, the court said: “The note was not presented for payment or produced until after the lapse of one year. Under the circumstances here, this exceeds a reasonable time and appellants were discharged by respondent’s delay”. (Italics supplied.)
In Patchogue Bank v. Ambrose (278 App. Div. 582) “ The note was made August 13, 1947 ” and “ It was presented for payment on July 8, 1949 ”. Though some payments had been made on account of it after its delivery, there was “ nothing at all paid thereafter during the period of one year to time of presentment ”. In reversing a judgment for plaintiff, the court said: “ In the absence of circumstances showing diligence on the part of the holder and a fair opportunity to the indorser to protect himself, and bearing in mind the fact that the burden of showing a reasonable length of time was on the plaintiff, the *236 facts, insofar as disclosed at the trial, do not warrant the conclusion that the note was presented within a reasonable time, within the meaning of section 131 of the Negotiable Instruments Law. ’ ’ (Italics supplied,)
After a most careful scrutiny of the facts in this record the court finds as a fact that demand for payment in this case was not made within a reasonable time after delivery of the note. In coming to this conclusion the court is mindful of the relationship of the parties, and the fact that the defendant Wishnoff has been damaged by the plaintiffs ’ delay in presentment of the note for payment. If the note had been timely presented for payment the defendant Wishnoff could have made good on his indorsement by paying the promissory note and he then would have been subrogated to the rights of the plaintiffs in the chattel mortgage. The plaintiffs deprived him of those rights by releasing the collateral which they had.
Having voluntarily, and without consideration, stripped themselves of their lien on the chattels which could have been used either wholly, or at least in part, to satisfy the maker ’s obligation on the note, the plaintiffs have lost their right, by reason of undue delay in presentment, to recover upon the defendant Wishnoff’s indorsement.
In Commercial Nat. Bank v. Zimmerman (185 N. Y. 210, 218, supra) the court said: “ The burden is on the holder of a note, when seeking to charge an indorser, to prove due and timely presentment and the giving of notice to the indorser of its dishonor. The obligation of the indorser is conditional upon all the steps having been taken by the holder, which the statute has prescribed as to presentment and as to notice of nonpayment etc. The Negotiable Instruments Law is the codification of the law merchant upon the subjects treated and, in setting forth what is required of the holder of a note, it casts upon him the burden to prove that the requirements were all complied with. They were necessary conditions of his right to recover. Presentment of a demand note within a reasonable time is a requirement of the statute and the liability of the indorser to make good the contract of the maker, unlike that of a guarantor, is conditional and depends upon the holder’s having made a case under the statute of an obligation, which he has caused to mature and, by appropriate legal steps, to become an indebtedness of the contracting parties. (Brown v. Curtis, 2 N. Y. 225.) ”
The plaintiffs, under all the circumstances, have failed to sustain the burden of proof which is theirs.
Judgment is, therefore, directed in favor of the defendant Wishnoff, dismissing the plaintiffs’ complaint on the merits.