■ RCA SERVICE COMPANY, INC., Appellant, v. CITY OF NEW YORK, Respondent.— Order, entered on October 21, 1963, denying plaintiff's motion for summary judgment and granting defendant's cross motion therefor, and judgment entered thereon, unanimously modified, on the law and on the facts, to the extent of denying the cross motion, and, as so modified, affirmed, with costs to abide the event. Plaintiff was required to move from the Lincoln Square Title I Site. On March 19, 1958 defendant advised plaintiff moving expenses to the extent of $2,500 were allowable. Plaintiff on March 31, 1958 submitted its estimate of moving expenses exceeding said sum. On June 26, 1958 plaintiff was advised that claims for moving expenses must be filed within a reasonable time. Plaintiff completed its removal on June 27, 1959 and paid the bill therefor in the sum of $3,433.39 on August 4, 1959. On April 4, 1960 plaintiff submitted to defendant the moving bill and proof of payment. On April 5, 1960, in response, defendant forwarded to plaintiff a form of claim, which was completed and returned to defendant on April 6, . 1960. On April 13, 1960 defendant disallowed the claim by force of the resolution of the Board of Estimate adopted June 25, 1959 and published in

the *City Record* on November 6, 1959 requiring the filing of said claims within six months of the moving or the said resolution, whichever is later. On the argument of the appeal defendant did not rely on the resolution of the Board of Estimate. Instead, defendant maintained the plaintiff as a matter of law failed to file its claim within a reasonable time. Defendant did not affirmatively plead the defense of unreasonable delay in the filing of the claim but relied solely on the aforesaid resolution. In the absence of a pleading alleging such defense, defendant is not entitled to summary judgment thereon. (Cf. *Maxrice Realty Corp.* v. *B/G Sandwich Shops*, 239 App. Div. 472.) Defendant's opposing affidavit observes and we agree: "The term 'reasonable time' is in itself an ambiguous term and could mean any length of time depending on the facts." We conclude there is present an issue of fact in respect of reasonable time. (*German-American Bank of Rochester* v. *Atwater*, 165 N. Y. 36; *Klemann* v. *Collins*, 223 App. Div. 161.) Concur — Breitel, J. P., McNally, Stevens, Eager and Steuer, JJ.