DALE EASTMAN *v.* LEO PELLETIER.

February Term, 1946.

Present: MOULTON, C. J., SHERBURNE and STURTEVANT, JJ., and HUGHES, Supr. J.

Opinion filed May 7, 1946.

*Arthur L. Graves* for the defendant.

*Lee E. Emerson* for the plaintiff.

MOULTON, C. J. In June, 1943, the plaintiff sold four cows to the defendant and the latter gave a lien note for $385 signed by himself and his wife. The note was duly recorded. Thereafter, and without the knowledge of the plaintiff, the defendant sold certain of the cows to Carlton Achilles, and received in payment a check for $250. signed by Achilles and payable to the plaintiff and the defendant jointly. The defendant went to see the plaintiff on July 10th, indorsed and delivered the check to him and paid the balance on the lien note in cash. The plaintiff accepted the check and cash in full payment of the lien note, and endorsed a receipt thereon. The defendant then informed him of the sale to Achilles. The plaintiff held the check until July 30, before depositing it in the bank, although he lived at a distance of approximately one mile from that institution. On August 5th he received notice from the bank that the check had been dishonored by a stop payment order from Achilles dated July 13th. Sometime between August 5 and August 16 the

defendant, in a telephone conversation, told the plaintiff's attorney that he would "see the plaintiff about fixing the matter up." In addition to the above facts the trial court found that the plaintiff was a holder for value and the defendant an indorser under the law; that the plaintiff did not present the check for payment in due course, but in view of all the evidence, it was unable to find that the delay of twenty days in presentation was unreasonable; and that if the plaintiff had used the utmost diligence in depositing the check the date of the stop order would have been prior to the time in which the check could have been cleared in the ordinary course of business. It was also found that the plaintiff made no attempt to return the check to the defendant as a matter of rescission; that, by the statement of the defendant to the plaintiff's attorney, the plaintiff had reasonable ground for assuming that the defendant admitted liability on the check; and that the latter, by his statement, waived his rights as indorser.

On the foregoing facts the court gave judgment for the plaintiff to recover the amount of the check, plus the protest fees. The defendant has brought the cause to this court on exceptions.

The declaration is in the common counts, with a specification, claiming to recover by reason of the indorsement of the defendant and his promise to pay the face of the check to the plaintiff.

The defendant excepted to the finding that the plaintiff did not present the check in due course, but, in view of all the evidence, the court was unable to find that twenty days was an unreasonable delay; and also excepted to the failure to comply with his request to find that there was no evidence of facts excusing the delay in presenting the check for payment. It is evident that the finding above mentioned is self contradictory because the ground for the defendant's claim that due presentation had not been made was that there had been an unreasonable delay.

A check is a bill of exchange drawn on a bank payable on demand. P. L. 7325. The indorser's engagement to pay is conditional upon seasonable presentation being made, and this condition must be fulfilled or dispensed with before a cause of action accrues against him. *Grapes* v. *Willoughby,* 93 Vt 458, 460, 108 A 421; P. L. 7203, 7207. Presentation of a negotiable instrument payable on demand must be made within a reasonable time after its issue, (P. L. 7208, *Start* v. *Tupper,* 81 Vt 19, 21, 69 A 151, 15 LRANS

213, 130 ASR 1015) and delay in making presentation is excused only when it is caused by circumstances beyond the control of the holder, and not imputable to his default, misconduct or negligence. P. L. 7219. When the holder seeks to charge an indorser he has the burden of showing that presentment was seasonably made, and, if there has been a delay, that there are facts or circumstances sufficient to excuse it. *Merritt* v. *Jackson,* 181 Mass 69, 71, 62 NE 987; *Commercial Nat. Bank* v. *Zimmerman,* 185 NY 210, 219, 77 NE 1020.

■ Generally speaking, the question whether seasonable presentation has been made is one of fact, to be determined upon the facts and circumstances of the particular case. *Bredow* v. *Woll,* 108 Conn 489, 143 A 849, 62 ALR 293; *First National Bank* v. *Osborne,* 104 NJL 112, 139 A 25, 27; and see *Foundry Mfg. Co.* v. *Farr,* 96 Vt 382, 387, 119 A 885. But where the facts upon which the finding is based are found, and do not give rise to conflicting inferences, the question becomes one of law. *Smith* v. *Landrie,* 98 Vt 429, 431, 129 A 302; *Manley Bros. Inc.* v. *Somers,* 100 Vt 292, 297, 137 A 336; *Commercial Nat. Bank* v. *Zimmerman,* 185 NY 210, 218, 77 NE 1020.

■ The only fact here reported that bears upon the issue of due presentation, other than the lapse of 20 days between the receipt of the check by the plaintiff and its deposit, is that the plaintiff's residence was approximately a mile distant from the bank. The transcript of evidence shows nothing more than this and no other reason or excuse for the delay appears. This circumstance cannot be said to have been an insuperable barrier to prompt presentation, and a cause of delay beyond the control of the plaintiff, and not imputable to his default or negligence, under the provisions of P. L. 7219. The fact that if presentation had been made with all diligence the stop order would have made it unavailing, did not absolve the plaintiff. *Start* v. *Tupper,* 81 Vt 19, 21, 69 A 151, 15 LRANS 213, 130 ASR 1015. We hold, therefore, that upon the record here presented, the delay was unreasonable as a matter of law and no sufficient excuse for it has been shown.

■ Presentment may be dispensed with by waiver express or implied. P. L. 7220. As we have seen the court found that, by his statement to the plaintiff's attorney that "he would see the plaintiff about fixing the matter up," the defendant gave the plaintiff rea-

sonable cause to believe that he admitted liability, and waived his rights as indorser. This finding was made the subject of an exception on the ground that there was no evidence that the defendant waived or intended to waive any of his defenses or rights.

A waiver is the intentional relinquishment of a known right, and since it involves both knowledge and intent, and its essence is a voluntary choice the party must have acted with a knowledge of all the material facts affecting his rights. *Burlington Grocery* v. *McGreggs,* 97 Vt 63, 73, 122 A 479; *Barber* v. *Vinton,* 82 Vt 327, 334, 73 A 881; *Webster* v. *State Mut. Fire Ins. Co.,* 81 Vt 75, 80, 69 A 319; *Christenson* v. *Carleton,* 69 Vt 91, 94, 37 A 226; *Blodgett* v. *Durgin,* 32 Vt 361, 367. The question of intent is usually, though not always, one of fact, and may be the subject of inference drawn from the party's acts or words. *Mayo, Admx.* v. *Claflin,* 93 Vt 76, 79, 106 A 653. In the case of a negotiable instrument a waiver of demand and notice, or either of them, may be implied from any conduct of the indorser, verbal or otherwise, reasonably manifesting an intention to dispense with the right to these formalities, although, being in derogation of an indorser's statutory right, it is not favored and will not be inferred from doubtful acts or language, but must be evidenced by some act or conduct of an unequivocal character. *Foundry Manufacturing Co.* v. *Farr,* 96 Vt 382, 387, 119 A 885; *Dunbar* v. *Farnum,* 109 Vt 313, 323, 196 A 237, 114 ALR 996. It is said in *Glidden* v. *Chamberlin,* 167 Mass 486, 497, 46 NE 103, 57 ASR 479, that "Evidence of circumstances or of conversations which are equivocal in their character, and which do not import a clear admission of liability, or amount to a direct promise to pay, and which are consistent with the view that the indorser was merely seeking to avoid or postpone a suit against himself, are not satisfactory evidence either to prove actual notice or to re-establish the indorser's liability after it has ceased for lack of demand and notice."

The burden of establishing a waiver is upon the party asserting it, in this case the plaintiff. *Stewart* v. *Waterman,* 97 Vt 408, 418, 123 A 524; and see *Beatty* v. *Employer's Liability Assurance Corp'n.,* 106 Vt 25, 32, 168 A 919. He has discharged this burden to the extent that he has obtained a favorable finding upon the issue, *Manley Bros.* v. *Somers,* 100 Vt 439, 442, 138 A

735, but, of course, the finding can be sustained only if it is supported by the evidence and the reasonable inferences to be drawn therefrom.

The record is barren of any evidence that the defendant, at the time he made the statement above referred to, had any knowledge concerning the plaintiff's delay in presenting the check, and there is nothing from which this essential element of a waiver (*Handley* v. *Met. Life Ins. Co.,* 127 Me 361, 143 A 465, 466) can be inferred. While we must indulge all reasonable intendments in favor of the judgment we cannot by inference supply the omission of a necessary fact which appears neither in the findings nor by the testimony. *Hooper* v. *Levin,* 112 Vt 321, 325, 24 A 2d 337. Whether the finding of waiver is a conclusion of law or of fact is not important for, in either case, it is not supported by the evidence, or by any reasonable inference to be drawn from it, or from the other facts found by the trial court. See *Gebo* v. *Traveller's Ins. Co.,* 106 Vt 155, 164, 170 A 917.

An intention to waive the lack of due presentation cannot be implied from the defendant's statement in the absence of evidence that it was made with knowledge of the material facts affecting his rights, no matter what impression it may have made upon the plaintiff. It was equivocal and fell far short of a clear admission of liability or direct promise to pay. It was consistent with the view that he proposed to consult with the plaintiff relative to proceeding against the maker of the check or to avoid or postpone an action against himself. See *Glidden* v. *Chamberlin, supra.* Being a matter of voluntary choice, a waiver involves the acts or conduct of one of the parties only and does not necessarily imply that the other has been misled to his prejudice. *Foundry Manufacturing Co.* v. *Farr,* 96 Vt 382, 387, 119 A 885. Indeed, there is no showing that the plaintiff was so misled.

It is contended that the defendant should be held to be estopped from making the claim of lack of due presentation on the ground that the cattle covered by the lien note had been sold to Achilles without the plaintiff's consent and the fact of the sale fraudulently concealed from him until after the check had been received and the receipt given. The unauthorized sale was a conversion and gave the plaintiff a right of action in tort against the defendant. *Watson* v. *Goodno,* 66 Vt 229, 230, 28 A 987. If in-

duced by fraud the transaction was voidable, but not void, and the plaintiff, upon discovering the deception, had the right to rescind it. *Evarts* v. *Beaton,* 113 Vt 151, 154, 30 A2d 92, *Johnson* v. *Belanger,* 85 Vt 249, 252, 81 A 621. But he did not do so. Having discovered the fact of the sale he kept the check, and has elected to pursue the defendant as an indorser. Under the circumstances the claim of estoppel is not available.

In view of what has been said it is not necessary to consider the defendant's contention that he did not receive due notice of the dishonor of the check.

It is provided by P. L. 7205 that joint payees of a negotiable instrument who indorse are deemed to indorse jointly and severally. For this reason the defendant argues that in any event the plaintiff cannot recover against him as a prior indorser. The record makes it clear that the purpose and effect of the defendant's indorsement was to transfer the title to the check to the plaintiff and that the trial proceeded on the assumption that the parties were successive indorsers, no question as to joint indorsement having been raised. For the purposes of this opinion we adopt the same theory here, without passing upon its soundness, *Perkins* v. *Vermont Hydro Electric Co.,* 106 Vt 367, 417, 177 A 631; *Gentes* v. *St. Peter,* 105 Vt 103, 104, 163 A 569; *Sharby* v. *Town of Fletcher,* 98 Vt 273, 278, 127 A 300.

*Judgment reversed and judgment for the defendant to recover his costs.*