# Liberty Mutual Insurance Company v. Sandra Cleveland

[ 241 A.2d 60 ]

February Term, 1968

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed April 2, 1968

*Joseph S. Wool* and *Saul Lee Agel* for the Plaintiff.

*McNamara, Fitzpatrick & Sylvester* for the Defendant.

**Shangraw, J.** Plaintiff brought this petition for a declaratory judgment seeking to have declared the legal relationship between plaintiff and defendant, and more particularly its rights and obligations under an insurance policy insuring Carl H. Walton of Springfield, Mass. and the related effect of 23 V.S.A. §801 (e).

Hearing in the cause was waived and it was submitted to the Chancellor on an agreed statement of facts. Findings of fact followed resulting in a decree to the effect that Mr. Walton was not afforded coverage under the policy. From this decree the defendant has appealed to this Court.

The plaintiff is a Massachusetts corporation. The defendant is a resident of Milton, Vermont. On or about the 8th of July, 1962 the defendant was a passenger on a motorcycle then owned and operated by Carl H. Walton in said Town of Milton. An accident occurred and the defendant sustained injuries.

On July 24, 1962 the plaintiff through its office at Burlington, Vermont wrote a letter to Mr. Lincoln Cleveland, father of Sandra Cleveland, another letter to Sandra Cleveland and also a letter to Carl Walton in which it was stated that the insurance which Mr. Walton had with this insurance company applied only to accidents occurring in the State of Massachusetts.

On September 25, 1962 the defendant filed suit against Mr. Walton in the United States District Court for the District of Vermont for damages allegedly growing out of the accident which occurred on July 8, 1962.

By letter dated October 25, 1962, Joseph S. Wool, as attorney for Miss Cleveland, notified the Liberty Mutual Insurance Company that in the event judgment was obtained against Mr. Walton an action to collect the judgment would then be brought against this insurance company. On the same date a letter was sent to the Commissioner of Motor Vehicles, with a copy to Liberty Mutual Insurance Company, by Mr. Wool, as attorney for Sandra Cleveland, asserting the claim of estoppel against this insurance company by reason of 23 V.S.A. §801 (e).

Then followed a letter dated December 28, 1962 from the plaintiff's claims manager to the Commissioner of Motor Vehicles,

"I am attaching an SR-21-A showing that at the time of this accident, Mr. Walton only had limits of $5,000 per person/$10,000 per accident only while operating on the highways in Massachusetts. This policy had no extra-territorial nor a guest occupants coverage. Due to a clerical error on our part this was not filed sooner.

However, on July 24, Mr. Farnham of this office wrote letters to Mr. Lincoln Cleveland, father of Sandra Cleveland, to Miss Sandra Cleveland and to Carl Walton in which he states that the insurance which Mr. Carl Walton had with us applies only to accidents occurring in the State of Massachusetts. This fact was also confirmed with Mr. Saul Agel in the office of attorney Joseph Wool on August 28 by the writer. Sometime later this was also confirmed by the writer to Mr. Wool in person."

The Chancellor found, and by the decree determined, that the defendant's claim of estoppel is without merit. It was also found, by the terms of the policy, that there is no coverage for the accident in question which occurred outside the State of Massachusetts, and none for defendant as an occupant of the motorcycle.

It is the sole contention of the defendant, and so pleaded, that plaintiff's failure to report the status of the insurance coverage within the fifteen days required by 23 V.S.A. §801 (e) estops it from disclaiming coverage in the instant case.

Under the provisions of 23 V.S.A. §801 (a), the Commissioner of Motor Vehicles shall require proof of financial responsibility to satisfy any claim for damages, by reason of personal injury to or the death of any person, of at least $10,000.00 for one person and $20,000.00 for two or more persons killed or injured and $5,000.00 for damages to property in any one accident.

The statute continues by stating under what further circumstances such proof shall be required. Subsection (3) of §801 (a), *supra*, requires that satisfactory proof of financial responsibility be furnished from the operator of a motor vehicle involved in an accident resulting in bodily injury. This subsection is applicable to the present case.

The information requested under the provisions of §801 (e) serves to inform the Commissioner of existing insurance coverage, if any, to the end that the Commissioner may in the future require proof of

financial responsibility as made mandatory under the provisions of §801, *supra*.

Sometime prior to July 23, 1962 Mr. Walton filed a motor vehicle accident report with the Commissioner of Motor Vehicles of this State. Attached to the accident report is form SR-21-A, on which the following question appears: "Was an automobile liability insurance policy, providing you at least $10,000/$20,000 bodily injury and $2,000 property damage insurance in effect on the date of the above accident?" Replying thereto, Mr. Walton underlined the figure $10,000 and drew a line through the remainder of the sentence and wrote in the answer "Yes." This then gave the appearance that the question was, "Was an automobile liability insurance policy providing you at least $10,000?" Answer, "Yes." On the lower portion of this report Mr. Walton filled in the name "Liberty Mutual" and the policy number was also given.

Following the filing of the accident report and form SR-21-A, the Commissioner of Motor Vehicles, pursuant to 23 V.S.A. §801 (e), sent a written notice to the office of the plaintiff, at Springfield, Mass. calling upon it to comply with above section within fifteen days. The §801 (e) *supra*, reads:

"(e) Within fifteen days after the receipt from the commissioner of notice of an accident, the insurance carrier named by the operator shall notify the commissioner in such manner as he may require in case the required insurance was not in effect at the time of such accident. If no such notification is received by the commissioner within fifteen days, the commissioner may assume that the required insurance was in effect at the time of the accident."

The communication from the Commissioner of Motor Vehicles to the plaintiff was dated July 23, 1962 and included the required form as to coverage or non-coverage. As of October 26, 1962 no reply had been received by the Commissioner from the plaintiff.

In our consideration of the defendant's claim, we refer to the following appearing in the case of *Beatty* v. *Employers' Liability Assurance Corp., Ltd.*, 106 Vt. 25, 31, 168 A. 919.

"Waiver" and "estoppel," as applied to contracts of insurance, are terms which are interchangeably used, and in each case the meaning and result are the same. *Pellon* v. *Connecticut General*

*Life Ins. Co.,* 105 Vt. 508, 168 A. 701 (decided at the October, 1933 Term of this Court). Yet they are in their elements essentially different. "A waiver involves the act or conduct of one of the parties to the contract, only. An estoppel involves the act or conduct of both parties to the contract * * *. A waiver is the intentional relinquishment of a known right * * *. It involves both knowledge and intent. An estoppel may arise where there is no intent to mislead. A waiver does not necessarily imply that one has been misled to his prejudice or into an altered position * * *. An estoppel always involves this element. A waiver may amount to an estoppel, but not necessarily so."

The foregoing is quoted, and reaffirmed in *Mancini* v. *Thomas* 113 Vt. 322, 327, 34 A.2d 105. Clearly, under the above definition, plaintiff had no intention of waiving its right to deny liability, as indicated by the letters sent to the defendant, her father, her attorney and the Commissioner of Motor Vehicles. The burden of establishing a waiver is upon the party asserting it,—in this case the defendant. *Eastman* v. *Pelletier,* 114 Vt. 419, 423, 47 A.2d 298. This, she has failed to do.

The accident occurred on or about July 8, 1962. The plaintiff by letter dated July 24, 1962 notified the defendant and other interested parties of the non-coverage aspects of the policy. This was sufficient to alert the defendant to any protective action which she desired to take. Not until September 25, 1962 did the defendant bring suit against Mr. Walton.

The defendant has failed to demonstrate, nor is there a finding to the effect, that she, or Walton, have been misled to their prejudice, or into an altered position, by plaintiff's failure to comply with §801 (e), *supra. Beatty* v. *Employers' Liability Assurance Corp., Ltd., supra,* 106 Vt. at 31, 168 A. 919. The claim of estoppel is without merit.

*Decree affirmed.*