Dorothy Sanville v. Robert and Nancy Williams

[418 A.2d 860]

No. 293-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed July 21, 1980

*Rexford, Kilmartin, Chimileski & White, Inc.,* Newport, for Plaintiff.

*Charity A. Downs* of *Conley and Foote,* Middlebury, for Defendants.

**Barney, C.J.** The plaintiff had a bad fall on the premises of the defendants and sued to recover for her injuries. The jury found for the defendants, and the plaintiff appeals, seeking a new trial. All claims of error are based on the instructions given the jury.

The defendants operated a tree business, selling cut Christmas trees at the appropriate season and trees for transplanting at other times. One of the people the defendants hired on a day-to-day basis when the work justified shared the plaintiff's residence with her. Plaintiff Sanville had been in the habit of taking him to and from work for about four years, since he did not drive. The accidental fall took place on an occasion when the plaintiff came to the defendants' premises to pick the employee up.

The place where the fall occurred was the basement of the defendants' home. The first floor had the family living quarters and the usual type of entrance. Their residence was also used as a base of operations for the business, and contained a basement garage. The basement had a large garage door which had a smaller door cut into it so that entry could be gained to the cellar without opening the big door. In the cement floor of the cellar there was a pit arrangement formed of two fifty gallon drums imbedded on end. It was into one of these the plaintiff stepped or fell and broke her leg.

On the day in question the plaintiff came to the door and sought to be admitted. Mrs. Williams was at home but was working with the stereo on and did not hear her. She had temporarily wired shut or locked the front door since she had just done her floors and did not want her children, who were outside, or anyone else, to come in to disturb them. The plaintiff then went around the house and down to the garage door. The large door was closed but, according to her testimony, the smaller door was ajar. She pushed it open and went in, closing it behind her.

She testified that, although she knew where the light switches were, she did not see the need to turn any on, since there was already a light on at the rear of the cellar. In crossing toward the rear she walked to one side to avoid the pit area, but fell in.

It was the plaintiff's testimony that she had been in the cellar from upstairs several times and knew the layout, and

had, on occasion, helped to clean it as well as to stack wood there. However, she had never seen the pit area without a plywood cover, and had come in through the outside cellar door only twice before: once when the full door was standing open, and once when the smaller door was open. On one of these occasions the defendant, Mrs. Williams, directed her to go that way because of an obstruction on the porch. On the other, Mrs. Williams invited her in because she was working in the cellar.

With respect to the living area above the cellar the evidence was that the plaintiff frequently entered the house to wait for her passenger, and many times did so without knocking. The hours he worked tended to be irregular and quitting time was subject to a good deal of variation. When the plaintiff brought him in the morning they would frequently go in the house through the front door and start the coffee before the defendants were up. The plaintiff's interest in standing by at that time related to finding out when she should come back to get her passenger.

The case was submitted to the jury with alternative duty concepts applying to the defendants. The trial court charged that if, on the evidence, the plaintiff was a trespasser when the fall occurred, the defendants' duties were limited by that status. On the other hand, said the court, if the jury found the plaintiff to be an invitee with respect to the area of the accident, a larger duty of care was on the defendants.

The plaintiff's basic contention is that there was no evidence on which to raise a jury question on the defendants' contention that plaintiff was a trespasser. Therefore, she claims, allowing the jury the possibility of excusing the defendants on the basis of their duties toward a trespasser is so prejudicial as to require a new trial. Moreover, says the plaintiff, the charge as to the Vermont law of trespass was incomplete and erroneous, and by employing doctrines associated with trespass, improperly eroded distinctions between a social visitor and a business visitor.

 Coming first to the justification for any charge on the law of trespass, we are confronted by a dispute between the parties as to the extent of the permission given the plaintiff to have access to the house and associated garage space.

*Robillard* v. *Tillotson*, 118 Vt. 294, 299, 108 A.2d 524, 528 (1954), establishes that the extent of the owner's invitation governs the relationship of a visitor to the property. Therefore, the duty owed the invited person may change, if the bounds of the permission are unmistakably exceeded. The *Robillard* result affirmed a directed verdict based on the failure of any evidentiary support for the plaintiff's claim. Here the trial court found the evidence to be in conflict as to the measure of the invitation given, and correctly determined that the nature of the duty owed the plaintiff by the defendants depended on the jury's view of that evidence. The court did not err in submitting the issue of the plaintiff's status to the trier of fact. See *Porreca* v. *Atlantic Refining Co.*, 403 Pa. 171, 168 A.2d 564 (1961). See generally *Morris* v. *Atchison, Topeka & Santa Fe Railway*, 198 Kan. 147, 154, 422 P.2d 920, 927–28 (1967); *Rich* v. *Tite-Knot Pine Mill*, 245 Or. 185, 192–93, 421 P.2d 370, 374 (1966).

The plaintiff's remaining contentions deal with the substance of the court's charge on trespassers. While plaintiff's counsel objected to giving any charge on that topic, he did not clearly state any objection to the content of the charge given. His remarks during the charge conference and after the charge was delivered instead suggest agreement with the provision he now attacks as impermissibly blurring the distinctions in the status of trespassers, licensees, and invitees. Nor did his passing reference to a "dangerous condition" indicate objection to the court's omission of a charge on that subject.

Since it cannot be said that plaintiff fairly presented these contentions to the trial court, they are not preserved for appeal. V.R.C.P. 51 (b). *Lincoln* v. *Emerson*, 137 Vt. 301, 305, 404 A.2d 508, 511 (1979); *Palmisano* v. *Townsend*, 136 Vt. 372, 374–75, 392 A.2d 393, 395 (1978).

*Affirmed.*