**Town of Brattleboro, Orman A. Holden, Corwin S. Elwell v. The Travelers Insurance Co.; Midland Insurance Co., Appellant; Arthur Hurd, Sr. and Arthur Hurd, Jr.**

[449 A.2d 945]

No. 369-80

Present: Barney, C.J., Hill, Underwood and Peck, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed July 7, 1982

*John S. Burgess,* Brattleboro, for Plaintiff-Appellee Town of Brattleboro.

*Allan T. Fisher* of *Dinse, Allen & Erdmann,* Burlington, for Defendant-Appellant Midland.

*John Paul Faignant* of *Miller, Norton & Cleary,* Rutland, for Defendant-Appellee Travelers.

**Hill, J.** The question in this case is whether the appellant, the Midland Insurance Company, is liable on an insurance policy it issued to the appellee, the Town of Brattleboro. The Windham Superior Court held that the appellant was liable. We reverse.

In February of 1976, the appellee purchased an insurance policy from Midland. The policy was a general liability policy, but explicitly excluded any claims for bodily injury.

In August of 1976, a child was injured on town property. Through his father, the child filed suit against the Town to recover damages for his injuries. Midland refused the Town's request to provide coverage for the accident. The Town then filed this declaratory judgment action in which it requested that Midland be held responsible under the policy for the claims of the injured child.

The parties agreed that the action could be decided without an evidentiary hearing on the basis of the documents on file in the case. Those documents were the insurance policy and the Town's application for the policy.

The trial court held in its findings that the policy explicitly excluded coverage for the accident. The court, however, noted the Town's response to the following question on the application for the policy: "Do any of the Public Officials proposed for this insurance have any knowledge of any incident or prior claim during the past five years . . . , which could have involved coverage if this proposed insurance had been in effect?" The Town listed six incidents; five of the incidents were personal injury claims. The trial court found that there was no indication in the record that Midland had informed the Town that the incidents were not covered, despite the presence of notations next to the five incidents reading "Not E & O," which apparently means "not errors and omissions," i.e., the item is not covered. The trial court, however, made no findings on the definition of this abbreviation. The lower court stated that there was no evidence indicating that Midland had informed the Town of the notations prior to the effective date of the policy. The only communication between the parties found by the trial court was an endorsement to the policy, attached by Midland, which provided that the policy excluded prior acts or litigation.

The court unequivocally concluded that the plain language of the policy excluded coverage. Nevertheless, the court held that Midland was estopped from relying on this exclusion, and had also waived the exclusionary clause. The court supported this holding on the ground that the insurer stood as a fiduciary to the Town. Therefore, Midland was bound to notify the Town that the incidents listed in the questionnaire were not covered. As the endorsement did not so notify the Town, the trial court found that Midland had not fulfilled this duty. The court also concluded that "review of the entire file" supported its holding on estoppel.

As we have often held, the burden of establishing waiver or estoppel is on the party asserting the waiver or estoppel. See, e.g., *American Fidelity Co.* v. *Kerr*, 138 Vt. 359,

362, 416 A.2d 163, 165 (1980); *Liberty Mutual Insurance Co. v. Cleveland,* 127 Vt. 99, 103, 241 A.2d 60, 63 (1968). In this case, the Town voluntarily relinquished its right to an evidentiary hearing, and chose to rely upon the documents on file. On appeal, Midland vigorously argues that those documents were insufficient to satisfy the Town's burden of proof on the waiver and estoppel issue, and that the trial court therefore erred on this issue.

■ We agree with the appellant's argument. The evidence in the record is completely insufficient to establish either an estoppel or a waiver. There is no evidence of "a deleterious change in position in reliance on misleading representations or conduct of the party sought to be estopped." *Hebert* v. *Jarvis & Rice and White Insurance, Inc.,* 134 Vt. 472, 477, 365 A.2d 271, 274 (1976). Nor is waiver supported by any evidence of an "intentional relinquishment or abandonment of a known right." *Lynda Lee Fashions, Inc.* v. *Sharp Offset Printing, Inc.,* 134 Vt. 167, 170, 352 A.2d 676, 677 (1976). The sum of the relevant evidence before the trial court was an explicit exclusion clause, and an ambiguous notation on an application for the policy. Even when read in the light most favorable to the Town, see *Green Mountain Marble Co.* v. *State Highway Board,* 130 Vt. 455, 457, 296 A.2d 198, 200 (1972), this evidence cannot establish a misrepresentation, reliance, a change of position, or an intentional relinquishment of any right. Without proof on these issues, the holding of the trial court on estoppel is not supported by the evidence, and must be reversed.

*Reversed.*