## The TRAVELERS INDEMNITY COMPANY, Plaintiff–Appellee,

v.

## Harriet A. EITAPENCE, Defendant–Appellant.

No. 771, Docket 90–7725.

United States Court of Appeals, Second Circuit.

Argued Dec. 4, 1990.

Decided Jan. 24, 1991.

Allan R. Keyes (Ryan Smith & Carbine, Ltd., Rutland, Vt., on the brief), for defendant-appellant.

Samuel Hoar, Jr. (Pietro J. Lynn, Dinse, Erdmann & Clapp, Burlington, Vt., on the brief), for plaintiff-appellee.

Before NEWMAN and WINTER, Circuit Judges, and DALY, District Judge.[*]

JON O. NEWMAN, Circuit Judge:

Harriet A. Eitapence appeals from the May 16, 1990, judgment of the District Court for the District of Vermont (Franklin S. Billings, Jr., Chief Judge) granting summary judgment in favor of The Travelers Indemnity Company ("Travelers") in a diversity suit seeking a declaration of nonliability under the uninsured motorist provisions of an auto insurance policy. Chief

* Of the District Court for the District of Connecti- cut, sitting by designation.

Judge Billings ruled that Eitapence had lost her uninsured motorist coverage by settling her suit against the party causing her injuries without obtaining Travelers' consent, as required by the policy, that Travelers had not waived compliance with the consent-to-settle clause, and that the consent-to-settle clause, as applied in this case, did not violate Vermont public policy. We affirm.

## Facts

Eitapence was injured by an automobile driven by Christine Belanger. Belanger's insurance policy, issued by Horace Mann Insurance Co., had a liability limit of $100,000. Eitapence's policy with Travelers provided uninsured motorist's insurance up to $300,000 and defined "uninsured motor vehicle" to include a vehicle for which liability insurance was less than the uninsured motorist limits of the Travelers' policy, *i.e.*, the policy provided protection against uninsured and underinsured motorists. The Travelers' policy specified that uninsured motorist insurance was not available for any injury "for which the *insured* [Eitapence] entitled to payment under this coverage has made a settlement without *our* [Travelers'] written consent."

Eitapence sued Belanger in the Rutland, Vermont, Superior Court. Travelers was notified that suit was filed. A Travelers representative subsequently wrote to Eitapence's counsel acknowledging awareness of the suit against Belanger. The letter, on which Eitapence predicates waiver of the consent-to-settle clause, contained these words:

> Should a verdict be rendered in excess of Horace Mann's $100,000 limit, I understand that you will attempt to collect this under ou[r] insured's underinsured motorist provision. At this point in time, I wish you luck, and ask you to advise us when a decision is reached by the court.

Some months later, without giving notice to Travelers, Eitapence settled her suit with Belanger. The settlement provided that Belanger's insurer would pay Eitapence the full $100,000 amount of liability coverage and that Eitapence would give Belanger a covenant not to sue. Thereafter, the Ver-

mont state court concluded the tort suit with a damage hearing, attended only by Eitapence, her counsel, and her witnesses. As a result of the hearing, judgment was rendered in favor of Eitapence against Belanger for $200,000. Eitapence then claimed $100,000 from Travelers under the uninsured motorist provisions of her policy. Travelers disclaimed coverage for failure to comply with the consent-to-settle clause and initiated this suit for a declaratory judgment in the District Court.

The issue primarily contested on Travelers' motion for summary judgment was whether the "wish you luck" letter constituted a waiver of the consent-to-settle clause. Chief Judge Billings ruled that it did not. By motion under Fed.R.Civ.P. 59(e), Eitapence moved to amend the judgment, alleging that the consent-to-settle clause was invalid under Vermont law or that noncompliance with the clause, if valid, did not relieve Travelers of its obligation to provide uninsured motorist insurance in the absence of prejudice to Travelers. Chief Judge Billings denied the motion.

## Discussion

■ 1. *Waiver.* Under the applicable standards of Vermont law, *see Town of Brattleboro v. Travelers Insurance Co.,* 141 Vt. 402, 449 A.2d 945 (1982); *Liberty Mutual Insurance Co. v. Cleveland,* 127 Vt. 99, 241 A.2d 60 (1968); *Farm Bureau Mutual Auto Insurance Co. v. Houle,* 118 Vt. 154, 102 A.2d 326 (1954), Chief Judge Billings correctly concluded that Travelers was entitled to summary judgment rejecting Eitapence's claim that the consent-to-settle clause had been waived. The "wish you luck" letter could not reasonably be found by a trier of fact to be a knowing relinquishment by Travelers of its right to decide whether to consent to settlement. The letter would have been more helpful had it alerted Eitapence to the requirements of the consent-to-settle clause, but the issue is waiver, not quality of customer service.

■ 2. *Enforceability of consent-to-settle clause.* Though there is some question whether Eitapence adequately raised

the validity of the consent-to-settle clause by tendering the issue in her Rule 59(e) motion after at best an oblique reference during colloquy on the summary judgment motion, we will assume that Chief Judge Billings ruled on the merits of her contention, and we will do the same.

Appellant's challenge to the consent-to-settle clause starts with the undisputed Vermont rule that the clause conflicts with the state uninsured motorist statute, 23 V.S.A. § 941, and is therefore unenforceable as applied to an insured's settlement with a party other than the uninsured motorist. This principle was first stated by the District Court in *Rhault v. Tsagarakos,* 361 F.Supp. 202, 207 (D.Vt.1973), and later confirmed by the Vermont Supreme Court in *Muir v. Hartford Accident & Indemnity Co.,* 147 Vt. 590, 522 A.2d 236 (1987). Both decisions, however, explicitly reserved decision as to enforceability of the clause with respect to settlement with the uninsured motorist. In *Rhault,* Judge Holden said it would "seem" that the clause "might not be" inconsistent with the Vermont uninsured motorist statute as applied to a settlement with an uninsured motorist because of the effect of such a settlement on the carrier's subrogation rights under section 941(e) of that statute. *Rhault,* 361 F.Supp. at 207 n. 3. Citing Judge Holden's footnote in *Rhault,* the Vermont Supreme Court also noted that the clause "may" apply to settlement with the uninsured motorist.[1] *Muir,* 147 Vt. at 595 n. 4, 522 A.2d at 239 n. 4.

Appellant's argument then enlists decisions of other jurisdictions that have held consent-to-settle clauses unenforceable as applied to settlements with *under*insured motorists. *See Elovich v. Nationwide Insurance Co.,* 104 Wash.2d 543, 707 P.2d 1319 (1985); *Niemann v. Travelers Insurance Co.,* 368 So.2d 1003 (La.1979). However, as appellee points out, in these jurisdictions the underinsured motorist coverage is considered excess to the tort-feasor's liability coverage, precluding subrogation to offset liability payments against under-insurance benefits, *see Niemann,* 368 So.2d at 1006–07 & n. 6; *Hamilton v. Farmers Insurance Co.,* 107 Wash.2d 721, 729, 733 P.2d 213, 217 (1987), whereas Vermont underinsurance coverage assures only a minimum of indemnification and permits the underinsurance carrier to offset sums recovered from the tort-feasor, *see Brunet v. American Insurance Co.,* 660 F.Supp. 843, 848–49 (D.Vt.1987).

Appellant further contends that enforcement of the consent-to-settle clause should be denied in this case because Belanger has no assets beyond the coverage provided by the Horace Mann policy and consequently Travelers would have acted in bad faith had it withheld consent to the settlement with her. *See Brunet v. American Insurance Co.,* 660 F.Supp. at 845–46. In such circumstances, appellant argues, Travelers has suffered no prejudice from not being asked to give its consent. There is some plausibility to this argument, and we cannot be certain that the Vermont Supreme Court would not accept it. But the argument carries its own response: The insurer, having insisted on the clause, is entitled to notice of a proposed settlement and an opportunity to determine, before the settlement, whether it will grant or withhold consent; the fact that in some circumstances its withholding of consent can be successfully challenged as lacking good faith ought not to mean that it should be deprived of the opportunity of assessing the circumstances before the settlement occurs. For example, had Travelers been given notice of the proposed settlement in this case, it might have effected a result that did not include the virtually uncontested opportunity for Eitapence to secure a judgment quantifying damages "due" from Belanger after giving Belanger a covenant not to sue.

In the face of these competing contentions, we lack an adequate basis to conclude that the Vermont Supreme Court

---

1. The use of "may" appears to mean that enforceability of the clause is a possibility, rather than a ruling that enforceability is permissible. Courts could avoid that ambiguity by using "might" to mean that something is possible, and reserving "may" to mean that something is permitted.

would deem the clause unenforceable in the circumstances of this case and cannot say that Chief Judge Billings, who has served as a Justice of that Court, erred in declining to make such a prediction. We are enjoined to give "special weight" to the views of a district judge experienced in the law of his state, *see Bernhardt v. Polygraphic Company of America, Inc.,* 350 U.S. 198, 204, 76 S.Ct. 273, 277, 100 L.Ed. 199 (1956), though we are not "foreclosed by the District Court's interpretation," *id.* at 209, 76 S.Ct. at 279 (Frankfurter, J., concurring); *see also Essex Universal Corp. v. Yates,* 305 F.2d 572, 581–82 (2d Cir.1962) (Friendly, J., concurring) (federal judge expressing reluctance to predict that state court would rule contract provision unenforceable against public policy, even though federal judge might make such a ruling if a member of the state court).

The judgment of the District Court is affirmed.